TORRINGTON CO., PLAINTIFF AND DEFENDANT-INTERVENOR *v.* UNITED STATES, DEFENDANT, AND SKF USA INC. AND SKF FRANCE, S.A., DEFENDANT-INTERVENORS AND PLAINTIFFS

Consolidated Court No. 95-03-00350

(Dated July 28, 1997)

*Stewart and Stewart (Terence P. Stewart, Wesley K. Caine, Geert De Prest* and *Lane S. Hurewitz)* for The Torrington Company.

*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Velta A. Melnbrencis);* of counsel: *David R. Mason Jr.,* Attorney-Advisor, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for defendant.

*Howrey & Simon (Herbert C. Shelley, Alice A. Kipel* and *Anne Talbot)* for SKF USA Inc. and SKF France, S.A.

## Opinion

TSOUCALAS, *Senior Judge:* On October 3, 1996, this Court, in *Torrington Co. v. United States*, 20 CIT 1207, 944 F. Supp. 930 (1996), remanded to the Department of Commerce, International Trade Administration ("Commerce"), the final determination concerning the fourth anti-dumping duty administrative review of antifriction bearings ("AFBs"), entitled *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, et al. ("Final Results"),* 60 Fed. Reg. 10,900 (1995), as amended, *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France,* 60 Fed. Reg. 16,608 (1995). On remand, the Court instructed Commerce to: (1) explain the

circumstances in which it will apply the reimbursement regulation in an exporter's sales price ("ESP") situation; (2) utilize the approved tax-neutral methodology for adjusting for value-added taxes; and (3) correct the clerical error in the conversion formula used to calculate U.S. price.

On November 21, 1996, Commerce released draft remand results and invited interested parties to comment. After receiving comments from The Torrington Company ("Torrington"), Commerce filed its *Results of Redetermination Pursuant to Court Remand, The Torrington Company v. United States, Slip Op. 96–163 (Oct. 3, 1996) ("Remand Results").*

Torrington challenges Commerce's explanation of its application of the reimbursement regulation in ESP situations contained in Commerce's Remand Results. Torrington moves for an order directing Commerce to issue a second redetermination and either apply the reimbursement regulation on the basis of evidence already submitted, or collect the necessary additional evidence.

## DISCUSSION

### 1. *Application of Reimbursement Regulation*

On remand, Commerce clarified that it will apply the reimbursement regulation "if record evidence demonstrates that the exporter directly pays antidumping duties for the importer or reimburses the importer for such duties in ESP * * * situations." *Remand Results* at 4. In response to a request by Torrington to reopen the administrative record, Commerce insists that its position in the Remand Results is consistent with its prior policy and previous court decisions. Commerce also argues that further evidence of intra-company transfers would not support the application of the reimbursement regulation since such transfers are not *per se* evidence of reimbursement. *Id.* at 8–9.

Torrington insists that Commerce has changed its position and, therefore, should be required to reopen the administrative review and investigate the possibility of reimbursement. Torrington contends that, in light of Commerce's new position, domestic industry should have the opportunity to present new evidence. *Torrington's Comments on Commerce's Remand Results ("Torrington's Comments")* at 3–4. Torrington further maintains that the evidentiary burden placed on domestic industry by Commerce's new policy "reduces the reimbursement regulation to a practical nullity." *Id.* at 4.

In support of Commerce, SKF USA Inc. and SKF France, S.A. (collectively "SKF") emphasizes Commerce's discretionary powers regarding investigations. According to SKF, Commerce has the discretion to refuse to collect additional information regarding a particular "subissue" raised during an administrative review. *SKF's Rebuttal Comments Regarding Commerce's Remand Results* at 4. In addition, SKF points out that many of the items sought by Torrington are already included in the record of the administrative proceedings. SKF insists that the evidence contained in the administrative record does not support a finding that

SKF had been reimbursed for the payment of antidumping duties. *Id.* at 5–7.

After issuing the Final Results, Commerce clarified its position on the application of the reimbursement regulation in ESP situations in the administrative review entitled *Color Television Receivers from the Republic of Korea; Final Results of Antidumping Duty Administrative Reviews ("Color TVs")*, 61 Fed. Reg. 4408, 4410–11 (1996), as follows:

> The Department's regulation on reimbursement applies to both purchase price and ESP transactions, notwithstanding our statement to the contrary in *Final Results of Antidumping Duty Administrative Reviews and revocation in Part of Antidumping Duty Order*, 58 FR 39729 (July 26, 1993) * * *. Contrary to our longstanding interpretation, in that AFBs review we stated that section 353.26 did not apply to ESP transactions because the exporter and related importer are treated as a single entity for margin calculation purposes. We concluded that because the related companies are considered to be a single entity, we could not treat the two companies as separate entities for purposes of duty payment.
>
> We have reconsidered our statement in AFBs and find it to be inconsistent with both the plain language of the regulations and the regulatory history. *See, e.g.*, 19 CFR 353.41 (defining U.S. price as the purchase price or the ESP). We also note that the statement of administrative action of the URAA [Uruguay Round Agreements Act] confirms that the Department has "full authority under its current regulations (19 CFR 353.26) to increase the duty when an importer, directly pays the duties due, or reimburses the importer, whether independent or affiliated, for the importer's payment of duties."
>
> The fact that margins are calculated based on prices to the first unrelated party in the United States does not warrant an assumption that there cannot be reimbursement of antidumping duties when the exporter and importer are related. How antidumping duties are calculated and who, under the law, is responsible for paying those duties are separate and distinct issues. The contrary reasoning in AFBs is inconsistent with the underlying policy of the reimbursement regulation. Accordingly, we are reaffirming our original view that reimbursement, within the meaning of the regulation, takes place between related parties if the evidence demonstrates that the exporter directly pays antidumping duties for the related importer or reimburses the importer for such duties.

(Citations omitted). In the Remand Results, Commerce reaffirmed its commitment to the approach explained in *Color TVs. See Remand Results* at 6–7.

The Court agrees with Commerce's conclusion in the Remand Results that Commerce has not changed its approach to the reimbursement regulation in a manner requiring a reopening of the administrative record. As a preliminary matter, the Court notes that, by arguing that Commerce's policy is inconsistent with law, Torrington is attempting to revisit issues already addressed by this Court. This Court has already

upheld Commerce's requirement of evidence "beyond a mere allegation that the foreign manufacturer either paid the antidumping duty on behalf of the U.S. affiliate importer, or reimbursed the U.S. affiliate importer for its payment of the antidumping duty." *Torrington*, 20 CIT at 1209, 944 F. Supp. at 933; *see also Torrington Co. v. United States*, 19 CIT 403, 409, 881 F. Supp. 622, 631 (1995); *Outokumpu Copper Rolled Prods. AB v. United States*, 17 CIT 848, 863, 829 F. Supp. 1371, 1383 (1993). Commerce's decision to apply the same standard in ESP situations is consistent with the Court's prior opinions addressing Torrington's objections to Commerce's practice in purchase price situations.

Regarding Torrington's request to require Commerce to apply the regulation based on existing evidence, or to reopen the investigation in light of Commerce's newly articulated policy of applying the reimbursement regulation in ESP situations, the Court finds such actions unnecessary. First, as the Court already determined in *Torrington*, 20 CIT at 1210, 944 F. Supp. at 934, there is no record evidence of reimbursement. Second, Torrington had ample opportunity during the administrative review to submit evidence addressing the issue of reimbursement. In fact, Torrington admits that it submitted evidence relating to the application of the reimbursement regulation, but contends that such arguments were "logically presented on a hypothetical basis only." *Torrington's Comments* at 4. Torrington fails to convince the Court that there is any new evidence that would provide a basis for the application of the reimbursement regulation to SKF. Torrington's own statements lead the Court to believe that any evidence Torrington wishes to present already exists in the administrative record. Commerce's newly articulated position does not change the fact that there was insufficient evidence to support an application of the reimbursement regulation to SKF. Accordingly, the Court sustains Commerce on this issue.

### 2. *Other Issues:*

Pursuant to this Court's order, Commerce applied a tax-neutral methodology for adjusting for value-added taxes. *Remand Results* at 9–10. Commerce also corrected a clerical error affecting the calculation of SKF's U.S. price. *Id.* at 10–11. Finally, Commerce corrected an inadvertent error identified by Torrington. *Id.* at 11. The Court finds all of the above actions to be in accordance with the Court's remand order in *Torrington* and consistent with law. Therefore, the Court affirms Commerce's Remand Results.

### CONCLUSION

In accordance with the foregoing opinion, the Court finds that Commerce's Remand Results are consistent with law and supported by substantial evidence on the record. Consequently, Commerce's Remand Results are affirmed and this case is dismissed.